# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| T.V.D.B. SARL; KAPLA FRANCE SARL; and TOM'S TOYS, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> KAPLA USA, LP; KAPLA USA GP, LLC; CITIBLOCS, LLC; and MARJORIE I. CHAYETTE, <br><br> Defendants. | Case No. CV412-230 |

## ORDER

Before the Court in this international business dispute are plaintiffs' motions to compel jurisdictional discovery (doc. 25), extend the scheduling order deadlines (doc. 24), and enlarge the number of interrogatories they may serve upon the defendants. (Doc. 23.) Taking the facts in plaintiffs' complaint as true, Marjorie I. Chayette created a United States limited liability company (KAPLA USA, LP) to be the sole distributer of KAPLA wooden toy blocks in the United States and took two orders of the blocks from the European manufacturer. Then she failed to remit full payment and created a competing toy line, CitiBlocs,

LLC, "in order to trade and capitalize on the goodwill generated by KAPLA's extensive sales, reputation, and consumer recognition and acceptance." (Doc. 1 at 3-8.)

KAPLA USA received the two orders in Savannah, Georgia, where plaintiffs allege that it maintains its principal place of business, though it is a Delaware limited partnership. (*Id.* at 1.) It is also registered as a *foreign* limited partnership in Georgia. (*Id.* at 1.) Chayette, however, moves to be dismissed for lack of personal jurisdiction, because she has resided in Paris, France for the last thirty years, has never met with the plaintiffs in Georgia, does not own real estate or personal property in the state, has only traveled to Georgia in the last seven years "on a handful of occasions," and has never personally "purchased goods from or entered into any contracts with any Plaintiffs." (Doc. 10 at 4-5.)

Chayette's motion is supported by a declaration stating that she has maintained a proper separation with CitiBlocks, KAPLA USA, and KAPLA USA, GP, so there is no reason to pierce the corporate veil in order to subject her to personal jurisdiction. (Doc. 10-1.) In addition, she resides in Paris, has rarely visited Georgia, and has no "distribution facility" for either business in this state. (*Id.*) Plaintiffs insist that she *is*

subject to Georgia's long-arm statute, O.C.G.A. § 9-10-91,[1] that she is individually subject to the personal jurisdiction of the Court, and that her behavior allows veil piercing, which requires personal jurisdiction where a business is used merely as an individual's "alter ego" in an attempt to evade contractual responsibility or perpetuate fraud. (Doc. 12 at 4 (citing *All Star, Inc. v. Fellows*, 297 Ga. App. 142, 148 (2009); *id.* at 7-8.[2]) Plaintiffs have not, however, supported their response with any evidence controverting Ms. Chayette's declaration. The Court cannot rely on "unstipulated facts" to support a finding of personal jurisdiction. *Sol Melia, SA v. Brown*, 307 Ga. App. 760, 760 (2009); *see Thomas v. Brown*, 2013 WL 238719 at *1 (11th Cir. Jan. 23, 2012) ("If the

---

[1] Under that statute, a person is subject to personal jurisdiction if "he or she" "(1) Transacts any business within this state; (2) Commits a tortious act or omission within this state, except as to a cause of action for defamation of character arising from the act; [or] (3) Commits a tortious injury in this state caused by an act or omission outside this state if the tort-feasor regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state." O.C.G.A. § 9-10-91.

In making its jurisdictional determination, the Court must apply Georgia's long-arm statute "in the same way as would the Georgia Supreme Court," and determine whether exercise of that jurisdiction would violate "the Due Process Clause of the Fourteenth Amendment of the United States Constitution." *Henriquez v. El Pais Q'Hubocali*, 500 F. App'x 824, 828 (11th Cir. 2012).

[2] While plaintiffs ask the Court to deny Chayette's motion to dismiss, they also seek, in the alternative, to conduct jurisdictional discovery. (Doc. 12.)

defendant provides sufficient evidence [suggesting a lack of personal jurisdiction], 'the burden shifts to the plaintiff to prove jurisdiction by affidavits, testimony, or documents.'" (quoting *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 627 (11th Cir. 1996)); *see also Chemtall, Inc. v. Citi-Chem, Inc.*, 992 F. Supp. 1390, 1403 (S.D. Ga. 1998) ("Here the plaintiffs have adduced ample evidence showing that King abused the corporate form and pierced his own corporate veil -- all while engaging in a steady stream of business and fraud-furthering contacts with this State.").

As a general rule, "the plaintiff[s] should be given the opportunity to discover facts that would support [their] allegations of jurisdiction." *Majd–Pour v. Georgiana Cmty. Hosp., Inc.*, 724 F.2d 901, 903 (11th Cir.1984). Chayette insists that the motion was too late, since plaintiffs never formally moved the Court for jurisdictional discovery and waited months to make the request. (Doc. 28.) While lack of diligence is a key inquiry in such matters, *United Tech Corp. v. Mazer*, 556 F.3d 1260, 1280-81 (11th Cir. 2009), the Court itself delayed ruling on the motion to dismiss, which incorporated a request for jurisdictional discovery, and plaintiffs served Chayette with interrogatories and requests for

production on the jurisdictional matter well within the scheduling order deadlines. (Doc. 19 (scheduling order); doc. 12 (response to motion to dismiss); & doc. 25-1 (motion to compel, highlighting that interrogatories were sent within the still-active discovery period).) While the Court could, within its discretion, deny jurisdictional discovery where a party has unnecessarily delayed seeking such materials, *Henriquez*, 500 F. App'x at 830, it will not exercise its discretion to do so here.[3] Hence, the Court is satisfied that jurisdictional discovery is warranted in this case, and plaintiffs' request to pursue jurisdictional discovery is **GRANTED**.

Plaintiffs also note that the defendants have refused to respond to their interrogatories since they exceeded the 25 permissible under Fed. R. Civ. P. 33(a)(1). In addition to moving to compel responses to those interrogatories, plaintiffs also move to enlarge the total number of interrogatories they may serve on the defendants. (Doc. 23.) The motion to compel responses to their interrogatories is **DENIED**. Plaintiffs have

---

[3] In *United Technologies*, for instance, the plaintiff failed to take any formal action to compel discovery or to subpoena records. 556 F.3d at 1281. Here, while plaintiffs delayed formally moving to compel such discovery for a period of several months, the Court has yet to rule on the dismissal motion, plaintiffs *have* sought jurisdictional discovery, and they *have* moved to compel responses after Chayette refused to respond to its interrogatories, though Chayette was right to refuse to respond, as will be discussed *infra*.

exceeded the 25 interrogatory limit as to *each* defendant. (Doc. 23 at 1 (admitting that they served 30 interrogatories on Kapla USA LP, 28 on KAPLA USA GP, LLC, 31 on CitiBlocs, and 30 on Ms. Chayette).) Had defendants responded to any of the interrogatories, they risked the Court finding that they had waived any objection to the 25 interrogatory limitation. "This seems a sensible rule, for otherwise the responding party could 'pick and choose' the questions it wanted to answer." 8B WRIGHT AND MILLER, FEDERAL PRACTICE AND PROCEDURE § 2168.1 (3d ed. 2010).[4]

The Court **GRANTS IN PART** plaintiffs' request to enlarge the number of interrogatories to 40 per defendant (they request 50), *including discrete subparts*, plus an additional 25 upon Ms. Chayette for the purpose of jurisdictional discovery. It likewise **GRANTS** defendants' request to similarly expand the number of interrogatories they may serve on plaintiffs. (Doc. 30.) Finally, the Court **GRANTS IN PART**

---

[4] Defendants also refused to submit documents responsive to plaintiffs' Fed. R. Civ. P. 34 requests until the parties entered into a joint protective order. (Doc. 25-1 at 3.) The Court has since entered that order. (Doc. 26.) As it was entered by the parties' consent, the motion to compel production evidently was premature, and thus unnecessary. Hence, the motion to compel responses to the document requests is also **DENIED**.

plaintiffs' motion to amend the scheduling order to extend all deadlines. They ask that discovery continue until October 31, but the Court has already permitted the parties a generous *six month* discovery period. The Court warned the parties that "**requests for extension will be viewed with disfavor and will not be granted absent a showing that the deadline could not have been met even with due diligence.**" (Doc. 19 at 2 (emphasis in original).) Ideally, plaintiffs should have sought leave of court to enlarge the number of interrogatories early on, as the complexities of this multi-national lawsuit justified such a request. A prompt resolution of that request may have furthered the discovery process to the point that additional extensions would have been unnecessary. On the other hand, defendants reasonably should have known that the exigencies of the case warranted a few additional interrogatories, and thus had they taken a more cooperative attitude, this matter could have been resolved by agreement.

The Court will extend discovery through July 1, 2013, but there will be **NO FURTHER EXTENSIONS.** The parties are thus directed to make this case their highest priority and to complete discovery **WITHOUT FURTHER COURT INTERVENTION** within the allotted

time period. The last day for filing civil motions is July 31, 2013. Motions *in limine* shall be filed no later than 5 days prior to the pre-trial conference.

**SO ORDERED** this  6 TH  day of May, 2013.

/s/ M. Smith
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA