# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

T.V.D.B. SARL; KAPLA FRANCE )
SARL; and TOM'S TOYS, LLC, )
                                         )
      Plaintiffs,                )
                                         )
v.                                        )     Case No. CV412-230
                                         )
KAPLA USA, LP; KAPLA USA GP, )
LLC; CITIBLOCSOCS, LLC; and )
MARJORIE I. CHAYETTE, )
                                         )
      Defendants.       )

## ORDER

Before the Court in this international business dispute case are three discovery matters. First, defendants move to compel certain discovery responses from the plaintiffs, and to sanction them for "repeated" discovery violations. Doc. 33. They invoke the dismissal sanction under Fed. R. Civ. P. 41. *Id.* at 1, 15. Only the district judge can grant that sanction, as well as reach the later-filed plaintiffs' motion for summary judgment, doc. 50, to which defendants have responded *without* invoking Fed. R. Civ. P. 56(d). Under Rule 56(d), the nonmovant

can show "by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition . . . ." *Id.*

Nor, for that matter, do the defendants express any information-based difficulty in filing their *own* motion for summary judgment. Doc. 50. Their brief is saturated with supporting evidence cites. Doc. 51. And both sides seek complete summary judgment. Docs 49-1 at 21; doc. 51 at 34. Given the apparently high probability that this particular discovery dispute will be mooted by the district judge's summary judgment ruling, defendants' motion to compel (doc. 33) is **DENIED** without prejudice.

The same result is warranted for plaintiffs' motion to compel defendants to "fully" respond to their discovery requests. Doc. 42. For that matter, defendants insist they have fully responded. Doc. 45. Thus, plaintiffs' motion to compel (doc. 42) is also **DENIED** without prejudice.

Finally, defendant CITIBLOCS, LLC (CITIBLOCS), moves for an order confirming "Attorneys Eyes Only" designation on "hundreds of pages of historical sales data for the years 2009, 2010, 2011 and 2012. . . ." Doc. 41 at 2. Some background: the parties consented to entry of a joint protective order. Doc. 27. They contemplated that certain

documents would be so sensitive (proprietary information) that only their attorneys could see them -- if they were designated "Attorneys Eyes Only." *Id.* at 1. CITIBLOCS places its "historical sales information" (hence, masses of documents) in that category. Doc. 41 at 2. Plaintiffs challenged that designation. *Id.* So, CITIBLOCS asks this Court to confirm its designation. *Id.* at 3.

Plaintiffs disagree. Doc. 43. CITIBLOCS, it insists, "failed to provide any specific support or make a particularized showing that the disputed documents warrant the Attorneys Eyes Only designation," doc. 43 at 5, so under governing law, its motion should be denied. *Id.* Again, however, this dispute floats atop later-filed summary judgment motions that, once ruled upon, may also wash this particular dispute out with the tide. Hence, CITIBLOCS' "designation" motion, doc. 41 is likewise **DENIED WITHOUT PREJUDICE**.

**SO ORDERED** this 11th day of September, 2013.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA