UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | |
|---|---|
| T.V.D.B. SARL; KAPLA FRANCE SARL; and TOM'S TOYS, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> KAPLA USA, LP; KAPLA USA GP, LLC; CITIBLOCS, LLC; and MARJORIE I. CHAYETTE, <br><br> Defendants. | Case No. CV412-230 |

# ORDER

On September 11, 2013, the undersigned denied plaintiffs' first motion to compel defendants to respond "fully" to their discovery requests, since the discovery requested would likely be mooted by the disposition of the summary judgment motions pending in the case and defendants represented that they had no responsive materials. (Doc. 59 (order); doc. 42 (plaintiffs' motion to compel).) Rather than filing a motion for reconsideration, plaintiffs waited several months and filed a

second motion to compel responses to some of the same requests. (Doc. 64 (plaintiffs' second motion to compel).)

Not only do defendants still assure the Court that they have no responsive materials (doc. 69), but plaintiffs simply have not shown good cause under Fed. R. Civ. P. 16(b) for their late filing.[1] Discovery closed on July 1, 2013, and the motions deadline expired on July 31. (Doc. 36) The motion to compel was filed on November 15, 2013. (Doc. 58.) While plaintiffs suggest that the Court's September 16, 2013 order denying Marjorie Chayette's motion to dismiss for lack of personal jurisdiction supports a finding of good cause, they have utterly failed to explain how that holding so changed the landscape as to permit the filing of an out-of-time motion to compel responses to the same requests they made in June. Nor have they explained why they waited more than two months after the Court made that ruling to file their motion. (Doc. 64 at 16.) Given plaintiffs' lack of diligence, along with defendants' assertion that

---

[1] Plaintiffs must show good cause for modifying a scheduling order. To proceed directly to the merits of an untimely filed motion "would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure." *Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998). To show Rule 16(b) good cause, plaintiffs must demonstrate that they could not meet the scheduling deadline despite their diligent efforts to do so. *Oravec v. Sunny Isles Luxury Ventures*, L.C., 527 F.3d 1218, 1231-32 (11th Cir. 2008).

they have no further responsive materials, plaintiffs' second motion to compel (doc. 64) is **DENIED**.

**SO ORDERED** this 5th day of December, 2013.

> _/s/ M. Smith_
> **UNITED STATES MAGISTRATE JUDGE**
> **SOUTHERN DISTRICT OF GEORGIA**