# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

T.V.D.B. SARL; KAPLA FRANCE
SARL; and TOM'S TOYS, LLC,

Plaintiffs,

v.  4:12-cv-230

KAPLA USA, LP; KAPLA USA GP,
LLC; CITIBLOCS, LLC; and
MARJORIE I. CHAYETTE,

Defendants.

## ORDER

On December 16, 2013, the Court entered summary judgment in favor of Plaintiffs T.V.D.B. Sarl ("TVDB") and Kapla France SARL ("Kapla") in the amount of €61,769 for breach of contract. ECF No. 72 at 3. The Court directed the parties to submit briefs on the proper conversion rate and interest rates for this sum. *Id.* The parties complied, ECF Nos. 75; 76, and the Court now awards the sum of $150,848.68 to TVDB and Kapla.

Both parties agree that €61,769 in dollars after conversion, prior to any adjustment for interest, equals $78,918.18. ECF Nos. 75 at 3; 76 at 5. The parties both contend that the amounts of the individual contracts should be converted at the exchange rates of the dates of the respective breaches, and the Court concludes this is the proper method. ECF Nos. 75 at 1-3; 76 at 2-5; *see Ventas, Inc. v. HCP, Inc.*, 647 F.3d 291, 322 (6th Cir. 2011) ("[I]f the cause of action arises under U.S. law, then the conversion date is the date of injury.").

The parties disagree on the prejudgment interest rate, with the Plaintiffs seeking the special statutory rate of 18% per annum under O.C.G.A. § 7-4-16, ECF No. 75 at 3-6, and Defendants arguing for the legal rate of 7% under O.C.G.A. § 7-4-2, ECF No. 76 at 5-8.

O.C.G.A. § 7-4-16 states

Unless otherwise provided in writing signed by the obligor, a commercial account becomes due and payable upon the date a statement of the account is rendered to the obligor. The owner of a commercial account may charge interest on that portion of a commercial account which has been due and payable for 30 days or more at a rate not in excess of 1 1/2 percent per month calculated on the amount owed from the date upon which it became due and payable until paid.

The Defendants concede that the unpaid invoices are commercial accounts as defined in the statute. ECF No. 76 at 5 n.5. But they base their objection to the 18% rate on the Plaintiffs' failure to make "a pre-trial invocation of the applicability of" § 7-4-16 until the summary judgment briefs.[1] ECF No. 76 at 5 (citing *Gold Kist Peanuts v.*

---

[1] Defendants also contend that Plaintiffs failed to make a liquidated demand on this account as required by Georgia courts. ECF No. 76 at 7-8; *see Electric Works CMA, Inc. v. Baldwin Tech. Fabrics, LLC*, 703 S.E.2d 124 (Ga. Ct. App. 2010). However, a liquidated demand is also termed a liquidated claim, which is defined as a "claim that has been determined in a judicial proceeding." Black's Law Dictionary 282 (9th ed. 2009). Here, the Court has awarded a liquidated amount of €61,769 or *$78,918.18, so the* requirement is fulfilled.

*Alberson*, 342 S.E.2d 694, 697 (Ga. Ct. App. 1986)). The Defendants note that Georgia courts have previously evaluated only four categories of pretrial demands made pursuant to the requirement of *Gold Kist*: demands made in 1) the contract, invoice, or other document evidencing the obligation providing for the specific rate of interest; 2) the pleadings; 3) a pretrial order; or 4) some combination of these categories. ECF No. 76 at 6. They contend that those must be the only four acceptable ways to make the pretrial invocation. *Id.*

The Defendants' argument fails because *Gold Kist* does not limit the form of pretrial demand. Just because Georgia courts have so far only ruled that the four categories are acceptable does not mean that other categories of pretrial invocations are unacceptable. Essentially, the Defendants confuse a sufficient condition with a necessary condition. That is, just because Georgia courts have found each of the four enumerated categories sufficient to fulfill the requirement of *Gold Kist* does not mean that one of those four is necessary to properly invoke § 7-4-16.

Furthermore, Defendants' contention that a demand for the 18% interest rate may be made in the pretrial order, but not the summary judgment briefs, is absurd, because the proposed pretrial order chronologically follows the filing of the summary judgment briefs. If the Court refused to award the 18% rate now and the Plaintiffs demanded the rate in the pretrial order,[2] the Court could then award. *See* Fed. R. Civ. P. 56(f) (granting the Court authority to enter summary judgment independent of a motion). The Court grants 18% annual prejudgment interest as provided for in § 7-4-16.

Applying the 18% interest rate to the values of the unpaid contracts following currency conversion, the Defendants owe a total of $71,930.50 in prejudgment interest. *See* ECF No. 75 at 6 (showing calculations). The Court therefore ***AWARDS*** a total of ***$150,848.68*** to TVDB and Kapla and ***DIRECTS*** the Clerk to enter judgment accordingly against KAPLA USA, LP, KAPLA USA GP, LLC, and CITIBLOCS, LLC. *See* ECF No. 72 at 10-11 (holding CITIBLOCS liable as a successor in interest for the contractual debts of KAPLA USA).

This 2 day of January 2014.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[2] The joint proposed pretrial order is due January 24, 2014. ECF No. 74.